# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DAVID LEE JONES**  **PLAINTIFF**
**ADC# 94099**

**V.**  **CASE NO. 4:09CV00876 JLH/BD**

**DOC HOLLADAY, et al.**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background:

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction, filed this action pro se under 42 U.S.C. § 1983. (Docket entry #2) In his Complaint, Plaintiff alleges that while he was detained at the Pulaski County Regional Detention Facility ("PCRDF"), certain photographs were confiscated from his mail and destroyed without his prior knowledge or consent. Plaintiff claims that his due process and first amendment rights were violated as a results of the Defendants' conduct. Defendants now have filed a motion for summary judgment.[1] (#14)

In the motion, the Defendants argue that: (1) Plaintiff has an adequate post-deprivation remedy in state court; (2) Plaintiff does not have a constitutionally protected interest in the possession of the photographs because they were contraband; (3) the PCRDF photograph policy at issue is reasonably related to valid penological interests; and (4) the Defendants are entitled to qualified immunity.

Plaintiff has responded to the Defendants' motion (#23 and #25) and has filed a motion to amend his Complaint.[2] (#22) Based upon the evidence presented, the Court

---

[1] Defendants originally filed this motion as a motion to dismiss or, in the alternative, a motion for summary judgment. (#14) Defendants, however, attached the affidavit of Randy Morgan to their statement of undisputed facts. Accordingly, because the Defendants asked the Court to consider evidence outside the pleadings, the Court notified the parties that it would consider the motion as one for summary judgment. (#17)

[2] In his responses to the motion for summary judgment, Plaintiff argues that the photograph policy at issue was never written and that it is a "word of mouth" policy. Although the Defendants contend that the new policy was made part of the new Inmate Handbook, they do not argue that the memorandum containing the new policy was

2

recommends that the Defendants' motion for summary judgment (#14) be GRANTED and that Plaintiff's claims be DISMISSED with prejudice.[3] In addition, the Court recommends that Plaintiff's motion to amend (#22) his Complaint be DENIED as moot.

### III. Discussion:

A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go

---

distributed to every inmate. Defendant Morgan explains that the new photograph policy was read out loud to all inmates on April 28, 2009. (#16-2 at p.3) Accordingly, this dispute does not create a dispute of material fact.

Plaintiff also argues that the new policy has been enforced in a discriminatory manner. To the extent that Plaintiff claims that Defendants have violated the Equal Protection Clause of the United States Constitution, this claim fails. An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *Klinger v. Dept. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.3d 1093, 1103 (8th Cir. 1990)). An equal protection analysis begins with whether the inmate has shown that he has been treated differently from others who are similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, Plaintiff failed to provide any facts to support such a claim.

[3] Because Plaintiff has failed to state either a due process or first amendment claim, the Court will not address the Defendants' qualified immunity argument in this Recommendation.

3

beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322. "Although it is to be construed liberally, a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B. Due Process

Here, it is undisputed that in April 2009, the PCRDF implemented a new photograph policy. Under the new policy, inmates were no longer be permitted to receive photographs in the mail. All inmates were notified of this policy and were advised to notify their family and friends that any photographs sent to inmates would be considered contraband and would be confiscated and destroyed.

In his Complaint, Plaintiff claims that in June 2009, while he was detained at the PCRDF, his mother sent him a letter containing several photographs of his father and his nieces. Plaintiff claims that these photographs were destroyed without his prior knowledge or consent, and that, as a result, his due process rights were violated.

4

A prisoner's claim regarding the loss of personal property does not state a constitutional claim for relief. In *Hudson v. Palmer*, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984), the United States Supreme Court held that when a state actor deprives an individual of personal property, there is no relief available under § 1983 if state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished table decision), the Eighth Circuit Court of Appeals determined that a county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation remedy in state court and, thus, could not seek relief under § 1983. Specifically, the Eighth Circuit noted that one available remedy was a common-law conversion action for the wrongful possession or disposition of another's property. *Butler*, 208 F.3d at *1 (citing *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729, 732 (1998)). See also *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that a Missouri prisoner could not raise a § 1983 claim based upon the seizure and destruction of his property because the prisoner "could have pursued a state deprivation remedy for the conversion of his property.") For the same reasons, Plaintiff's claim fails.

Here, as in *Butler*, Plaintiff has an adequate post-deprivation remedy available in state court. Although in his responses to the motion Plaintiff claims that he is indigent and, therefore, unable to afford to bring a claim for conversion in state court, his financial

status does not render this post-deprivation remedy inadequate.[4]  Plaintiff may attempt to proceed *in forma pauperis* in state court or bring an action in small claims court in order to reduce the cost of bringing another lawsuit.

Further, in their motion, the Defendants also argue that Plaintiff's claim fails because the confiscation of his photographs did not implicate due process.  The Defendants contend that, because the photographs were confiscated as contraband, Plaintiff did not have a constitutionally protected interested in them.

The Eighth Circuit Court of Appeals has held that, although prisoners retain protections against the deprivation of property without due process of law, the protection is "subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution."  See *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984) (internal quotations omitted).  Accordingly, the confiscation and destruction of contraband does not implicate the due process clause of the United States Constitution.  See *Johnson v. Harmon*, 2005 WL 1772752 (E.D. Ark. 2005) (unpublished opinion) (holding that because money seized in inmate plaintiff's cell was contraband, he had no protected property right or interest in it).

---

[4] In his second response to the motion for summary judgment, Plaintiff argues that "no circuit court will hear the State of Arkansas as a Defendant." (#25 at p.3)  A conversion action, however, would be brought against those responsible for taking Plaintiff's personal property, not against the State of Arkansas.

6

Here, following the implementation of the new policy at the PCRDF, all photographs were considered contraband. Based upon Defendant Morgan's affidavit, all inmates were notified of the new photograph policy and were provided time to notify their families and friends of the change. (#16-2 at p.3) Although Plaintiff claims that the policy was never written, he does not state that he was unaware of the new policy or that he was unaware that photographs were going to be considered contraband under the new policy. Thus, Plaintiff has not established a constitutional interest in the property, and his claim fails as a matter of law.

  C. First Amendment

Reading his Complaint liberally, Plaintiff also claims that his first amendment rights were violated when Defendants confiscated and destroyed the photographs. It is undisputed that inmates have a constitutional right to receive mail. *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998). Accordingly, when a prison regulation infringes on that right, the regulation must be reasonably related to legitimate penological interests to be valid. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

In determining whether a particular restriction is valid, courts should consider: (1) whether there is a rational connection between the prison policy or regulation and a "legitimate governmental interest"; (2) whether "there are alternative means of exercising the right" notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources

generally; and (4) whether there are ready, easy-to-implement alternatives that would accommodate the prisoner's rights. *Id.* at 89-91.

Here, the Defendants attach Defendant Morgan's affidavit to their statement of undisputed facts. (#16-2) According to Defendant Morgan's affidavit, on April 28, 2009, he notified all inmates at PCRDF that they would no longer be allowed to receive photographs in the mail. (#16-2 at p.3) Although inmates were previously permitted to keep three personal photographs in their possession, Defendant Morgan advised inmates to notify their friends and family that under the new policy these items would be considered contraband and destroyed. (#16-2 at p.3)

According to Defendant Morgan, the policy was implemented for a number of reasons, including the administrative burden of attempting to ascertain the number of photographs an inmate possessed when new photographs arrived in the mail, the threat of fire from keeping an excessive number of photographs in cells, and an increased difficulty in conducting cell searches. (#16-2 at p.2) In addition, Defendant Morgan explained that the continual violations of the previous policy threatened the security of the PCRDF because deputies were spending an inordinate amount of time enforcing the photograph policy. (#16-2 at p.2) Plaintiff has failed to present any evidence contradicting Defendant Morgan's testimony.

In analyzing the factors outlined in *Turner*, the Court first must determine whether there is a valid, rational connection between the regulation at issue and a legitimate

8

government interest. The policy Plaintiff challenges was implemented to maintain order, security, and safety at the PCRDF. By decreasing the time PCRDF deputies expend enforcing the previous photograph policy, they are better able to direct their focus to ensuring safety and order in the facility. Moreover, the new policy reduces the amount of personal property retained in cells, both making them easier to search and reducing the threat of fire. Based upon the undisputed evidence presented, the Court concludes that the PCRDF policy at issue is reasonably related to legitimate penological interests identified by Defendant Morgan.

Under *Turner*, the Court also must consider whether the inmate has an alternative means of exercising his first amendment rights. Here, the policy at issue restricts the type of mail inmates may receive. The policy at issue does not affect the actual communication between inmates and their family members or friends. Under the new policy, if a piece of mail is opened that contains photographs, only the photographs are confiscated. The letter itself is delivered to the inmate. (#16-2 at p.3) Accordingly, inmates may continue to communicate with others through written correspondence. Further, the policy does not in any manner interfere with an inmate's ability to communicate with family or friends through telephone calls or personal visits. As a result, although inmates may no longer be permitted to possess photographs of their family members or friends, their actual communication with these individuals is not affected by the new policy.

The third factor that the Court must consider is the impact that accommodating the inmate would have on others. In this case, the new policy was enacted, in part, to reduce the amount of personal property retained by inmates. This, in turn, allows guards to provide better security and conduct more effective cell searches. Accordingly, the new policy benefits both the guards and other prisoners by enabling the PCRDF to be run in a more secure fashion.

Finally, the Court must consider whether there are any ready alternative that exist that would better accommodate the inmate's rights. Here, the Court cannot say that there is any such alternative. The PCRDF attempted to better accommodate the inmates' desire to possess personal photographs in the past. However, the previous photograph policy proved to be both burdensome to enforce and unsuccessful in achieving its purpose of limiting the number of photographs possessed by inmates. As a result, although Plaintiff may not be pleased with the fact that he cannot keep photographs in his cell, he may continue to communicate with his family and friends through both written correspondence and by telephone, as well as enjoy personal visits.

As a result, the legitimate penological interests advanced by the Defendants in the implementation of the new photograph policy at the PCRDF outweigh Plaintiff's interest in possessing personal photographs. Accordingly, the policy does not violate Plaintiff's first amendment rights.

D. Motion to Amend his Complaint

In his motion to amend his Complaint, Plaintiff requests that he be permitted to identify one of the Doe Defendants named in his Complaint. Because Plaintiff has failed to state an actionable claim under 42 U.S.C. § 1983, the Court recommends that Plaintiff's motion (#22) be DENIED as moot.

IV. **Conclusion:**

The Court recommends that Defendants' motion for summary judgment (#14) be GRANTED and that Plaintiff's claims be DISMISSED without prejudice. In addition, the Court recommends that Plaintiff's motion to amend (#22) be DENIED as moot.

DATED this 5th day of March , 2010.

_____
UNITED STATES MAGISTRATE JUDGE

11